IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Clarence Alston,  )
    Plaintiff,  )
        )
v.  )  1:12cv582 (JCC/IDD)
        )
Warden E. Wright, et al.,  )
    Defendants.  )

MEMORANDUM OPINION

Clarence Alston, a Virginia inmate acting pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when defendants failed to protect him from assault by another prisoner. On July 7, 2013, defendants jointly filed a Motion to Dismiss or Alternatively for Summary Judgment, and provided plaintiff with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). On October 22, 2013, when no reply from plaintiff had been forthcoming, plaintiff was ordered to show cause within eleven (11) days why this action should not be summarily dismissed for his failure to contest the facts and issues stated by defendants in support of the Motion to Dismiss or Alternatively for Summary Judgment. Plaintiff has filed no response to that Order, and has filed nothing further in the action. Accordingly, summary final judgment will be entered in defendants' favor.

I. Background

In the sole claim presently before the Court,[1] plaintiff alleges that on May 22, 2011 at

---

[1] The initial complaint set out a second claim in which plaintiff alleged that defendants failed to respond appropriately to his grievances. However, inmates have no constitutionally-protected right to a grievance procedure, and as a result no liability exists under § 1983 for a prison administrator's response to a grievance or appeal. See Adams v. Rice, 40 F.3d 72, 75 (4th

5:43 p.m., he paged the officers' booth at Lawrenceville Correctional Center ("LCC") and asked CO Hardy to open the door. When the officer asked why, plaintiff stated that he was being assaulted by his cell partner, J. Wright, but CO Hardy never opened the door. Sgt. Sites said that he and CO Hardy listened to the commotion in plaintiff's cell at 5:48 p.m., but no one ever opened the door or came to stop the attack on plaintiff. Dkt. 1, 7. However, in a copy of a Disciplinary Offense Report attached as an exhibit to plaintiff's amended complaint in which plaintiff was charged with the disciplinary infraction of fighting, Sgt. Sites provided the following summary of the incident in question:

> On the above date and approximate time, I Sgt. T. Sites while acting as Assistant Shift Supervisor was called on the radio by 50 Control Officer C/O Hardy. She had let me hear the commotion in cell 53-119 which sounded like fighting. I instructed C/O Hardy, when one of the offenders paged the booth to be let out, to open the cell door and separate the two offenders. Upon opening the cell door, Offender J. Wright (#1207405) stepped out of the cell with blood covering his shirt. He later told C/O C. Thomas that he had been fighting with his cellmate therefore this charge was written.

Dkt. 7, Ex. C.

Attached as exhibits to defendants' Memorandum in Support of Summary Judgment Motion are affidavits of LCC's Warden, Ed Wright, and its records custodian, Gladys Gillus. According to official records submitted by the affiants, the incident at issue took place during "count time," when the presence of inmates is verified by physical view and count. LCC's policy requires that cell doors be kept locked during "count time," and no exception is made when an

---

Cir. 1994); Brown v. Va. Dep't of Corr., No. 6:07-CV-00033, 2009 WL 87459 at * 13 (W.D. Va. Jan. 9, 2009). Therefore, plaintiff's second claim was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and defendants Major Blow, Ms. Ramsey, Ms. Macklin, Lt. Boone and Mr. Hicks, who were named only in connection with that claim, were dismissed as parties to the action. Dkt. 3.

inmate requests that his cell door be unlocked when no corrections officer is nearby. Dkt. 39. Officer Hardy, a defendant to this action, stated in her report of the incident that she answered a ring from plaintiff's cell, and an inmate asked her to open the door. When the officer asked why she received no answer, and she advised the cell occupants it was "count time" and the door would not be opened. However, while listening at the cell door, Officer Hardy heard what sounded like pushing and objects falling, and she asked if the inmates were fighting. When she received no reply she told the inmates to stop fighting and advised them to step back. When the cell door was opened inmate J. Wright emerged with blood covering his shirt. Officer Hardy advised plaintiff to secure the door, which plaintiff did, and Wright was handcuffed and removed to the medical department. Plaintiff then also was removed from the cell and examined first by prison medical staff and later at a local hospital, where an MRI showed that he had sustained no serious injury. Both plaintiff and inmate Wright were placed in disciplinary segregation as the result of the incident. Id.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of

3

law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). However, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." Id. To establish a § 1983 claim for failure to protect, a plaintiff must show: (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind."

Farmer, 511 U.S. at 834; Odom v. S. C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003). As to the first prong, "[o]nly extreme deprivations are adequate," De'Lonta, 330 F.3d at 634; thus, the deprivation must be "objectively, sufficiently serious." Odom, 349 F.3d at 770. As to the second, prison officials must be shown to have exhibited "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 834. A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Saunders v. Buckner, 2008 WL 4104439 (E. D. Va. Aug. 28, 2008) at *6.

At this juncture, the uncontroverted facts established by defendants belie any suggestion that plaintiff's Eighth Amendment right to be free of cruel and unusual punishment was violated. Neither plaintiff nor his cellmate had any history of fighting prior to the incident at issue. Wright Aff. Thus, no facts existed from which defendants could have inferred that a substantial risk of serious harm existed when the two men were locked in a cell together during "count time." Cf. Saunders, supra. When Officer Hardy realized that a fight likely was taking place inside the cell, each inmate was removed from the cell in turn and taken to the medical department for assessment of their injuries.[2] It was determined after examination at a local hospital that plaintiff did not suffer a serious injury as the result of the incident. Under these circumstances, neither

---

[2]Plaintiff's allegation that defendants refused to open the cell door is belied not just by defendants' statements, but also by the report plaintiff himself submitted as an exhibit to the complaint, where Sgt. Sites states that he instruct Officer Hardy to open the cell door. Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

component of an Eighth Amendment violation has been shown to exist here. As no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the plaintiff in this action, defendants are entitled to the summary judgment they seek. Matsushita, 475 U.S. at 587.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted, and summary judgment will be entered in their favor. An appropriate Order and Judgment shall issue.

Entered this 20th day of November 2013.

Alexandria, Virginia.

/s/
James C. Cacheris
United States District Judge